IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

DEC 0 4 2020

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **ESTHER DARNELL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | **Jury Demanded** |
| **DEPARTMENT OF JUSTICE (DRUG** | § | |
| **ENFORCEMENT** | § | |
| **ADMINISTRATION);WILLIAM** | | |
| **BARR, United States Attorney General;** | | |
| **and TIMOTHY SHEA, Acting** | | |
| **Administrator of the DRUG** | | |
| **ENFORCEMENT ADMINISTRATION** | | |
| **(DEA), in their Official Capacities,** | | |
| **Defendants** | | |
| | § | |

## PRO SE PLAINTIFF, ESTHER DARNELL'S, ORIGINAL COMPLAINT
## AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Esther Darnell, Pro Se Plaintiff, hereinafter called Plaintiff, complaining

of and about William Barr, Attorney General, Attorney General for the United States, Timothy

Shea, Acting Administrator for the Drug Enforcement Agency (DEA), and the Drug

Enforcement Agency (DEA), hereinafter called Defendant(s), and for cause of action shows unto

the Court the following:

### 1. PARTIES AND SERVICE

Plaintiff Esther Darnell, is a citizen of the United States and the State of Texas, and

resides in Harris County, Texas at 11110 Sage Gale DR, Houston, Texas 77089.

Defendant Drug Enforcement Agency (DEA) is an agency of the United States

1

government.

Defendant William Barr is the Attorney General for the United States, and is sued in his official capacity.  His address is 10th Constitution Ave. N.W., Springfield, VA 22152.

Defendant Timothy Shea is the Acting Administrator for Defendant Drug Enforcement Agency (DEA), and is sued in his official capacity. His address is 8701 Morrissette DR, Springfield, VA 22152.

## 2.  JURISDICTION

The action arises under 42 U.S.C. Section 2000e et. seq., and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, as hereinafter more fully appears.

This Court has jurisdiction under 28 U.S.C. Section 1346 because this matter is against the United States.

## 3.  NATURE OF ACTION

This is an action under Title 42 U.S.C. Section 2000e et. seq., and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and sex.

## 4.  CONDITIONS PRECEDENT

All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff timely on October 26, 2015, filed an EEO complaint against DEA filed a charge of discrimination against Defendant agency, DEA, with the E.E.O.. A copy is attached, Attachment A. Plaintiff then timely an election for a hearing before an Administrative Judge with the Equal Employment Opportunity Commission.

Subsequently, the assigned Administrative Judge issued a decision without a hearing, to wit Plaintiff timely requested the Equal Employment Opportunity Commission reconsider its

decision in EEOC Appeal No. 012018257 (November 14, 2019).

On or about September 3, 2020, Commission rendered its Decision on Request For Reconsideration which indicated that the decision of the Commission was final, and there was no further right of administrative appeal from the Commission's decision; and advising that she had the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date she received this decision, and advising that, for timeliness purposes, the Commission presumes this decision to be received within five (5) calendar days after it was mailed [September 3, 2020]. Plaintiff has attached a copy to this complaint, Attachment B.

Now, Plaintiff timely files this complaint with this Court.

## 5. FACTS

The United States Department of Justice (DOJ), is a federal executive department of the United States government responsible for the enforcement of the law and administration of justice in the United States, and is headed by the United States Attorney General. The department was formed in 1870, and administers several federal law enforcement agencies, including the Drug Enforcement Administration (DEA). The department is responsible for investigating instances of financial fraud, representing the United States government in legal matters.

The Office of the Attorney General enforces the laws and defends the interests of the United States according to the law; ensures public safety against threats foreign and domestic; provides federal leadership in preventing and controlling crime; seeks just punishment for those guilty of unlawful behavior; and ensures fair and impartial administration of justice for all Americans.

The Drug Enforcement Administration (DEA) enforces the controlled substances laws

and regulations of the United States and brings to the criminal and civil justice system of the United States, or any other competent jurisdiction, those organizations and principal members of organizations, involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States; and recommends and supports non-enforcement programs aimed at reducing the availability of illicit controlled substances on the domestic and international markets.

In 2008, the Department of Justice entered into a contract with Maximus Federal Services ("Maximus") to provide professional investigative, analytical, and technical support services to bureaus of the DOJ in furtherance of the Asset Forfeiture Program ("AFP") as set forth in Task Orders issued by various bureaus within the DOJ, including the Drug Enforcement Administration ("DEA").

The DEA issued a Task Order to Maximus to provide, among other services, Senior Financial Investigators throughout the DEA Field Offices, including the New Orleans Field Division.

Maximus subcontracted with Professional Risk Management, Inc., ("PRM") to provide Senior Financial Investigators to DEA in accordance with the Task Order.

In or about August, 2010, Plaintiff entered into an Independent Contractor Agreement with PRM wherein she was willing and able, and agreed to provide, among other things, financial investigative services and conduct reviews, to assist in identifying assets subject to forfeiture for the DEA at their Jackson District Office at 100 W. Capitol Street, Jackson, MS. This was Plaintiff's place of employment from August 2010 to July 21, 2015.

This agreement stated that subcontractor will use information available from government databases, such as those accessible from the DEA to conduct analyses and assist in developing

information to maximize and support the forfeiture potential in DEA cases. The agreement also stated that the information made available by DEA will be used by Subcontractor to assist in identifying assets subject to forfeiture either directly, or indirectly as substitute assets. Subcontractor will assist in preparing documentation and exhibits needed by the DEA that are suitable for use by both investigators and Federal prosecutors.

The agreement further stated that the subcontractor would provide testimony, where requested, relating to results of investigative efforts provided, analyses conducted and reports prepared for the DEA, and stated that the subcontractor would provide other services that are generally associated with and related to the knowledge, skills and abilities as may be needed by the DEA.

The agreement further stated that the Independent Contractor shall fill out his or her timesheet at the end of each work day, and invoice once monthly on or about the final day of the month. Once signed by the DEA supervisor.

The agreement further stated that the Independent Contractors shall not work more hours in a given month that the total of 8 hours times the number of U.S. Government work days in the month, without obtaining prior written approval from the DEA supervisor.

The agreement further stated that any approved expenses shall be invoiced and submitted separately on or about the 1st of the Month for the preceding month; receipts must be provided for all expenses regardless of value; PRM and DEA prior approval is required for any out of town expenses; and that a DEA form 19 shall be forwarded to PRM for review prior to incurring out of town travel expenses.

The agreement further stated that the Independent Contractor shall submit the required Monthly Statistical Report monthly in the format specified to their DEA Supervisor for

signature.

Regarding security, the agreement stated that, in addition to any Security Requirements imposed by the Department of Defense in conjunction with their DOD clearance, the Independent Contractor agrees to meet the DOJ/DEA Personnel and Facility Security Requirements.

Regarding facility security requirements, the agreement stated that, (a) All work will be performed at the Government (DEA) site; (b) The Independent Contractor is responsible for physically safeguarding all Government (DEA) records in its possession, including records in the possession of the contractor's personnel, from theft, tampering, misuse, etc.; and (c) No work is to be performed on personal computers or personal removable media.

Regarding facility access requirements, the agreement stated that, the following requirements ensure Compliance with Homeland Security Presidential Directive-12 (HSPD-12) and Federal Information Processing Standard Publication 201 (FIPS 201), and that the Independent Contractor must present to DEA two types of identification in original form prior to being issued a facility access/building pass.

Consequently, and in furtherance of the requirements contained in the agreement, Plaintiff accepted employment, and worked as a Senior Financial Investigator, at the DEA's New Orleans Division, in New Orleans, Louisiana.

Between August 10, 2010, and July 21, 2015, the last day of her employment with DEA, Plaintiff was the only Black female Contract Senior Financial Investigator who worked for DEA in Jackson, MS, a district office in the New Orleans Field Division.

Even though Plaintiff was hired as an Independent Contractor, DEA Chain of Command

treated her like a DEA employee.[1]  DEA supplied all the equipment for Plaintiff to use to work in their office.  DEA controlled 99.9% of Plaintiff's time.  Plaintiff had no control over her work, did not have independence, and was told what to work on and when, and what she could and could not do.

Further, Plaintiff's DEA Supervisor, Ken Miles, signed her time sheets each month, and the DOJ audited task orders.

In this manner, and at all relevant times to this complaint, Plaintiff has maintained that she was an employee, and not an Independent Contractor,  and for the hours she was forced to work, under duress, Plaintiff should have been paid overtime, comp time and all other employee benefits for hours she was forced to work to avoid termination for not working mission-critical hours.

At all relevant times to this complaint, the manner in which DEA implemented Plaintiff's PRM/MAXIMUS Independent Contractor contract as a Senior Financial Investigator,  assigning her mission-critical work that required working additional hours, defined as more than the required average of 8 hours per work day in a month, with no compensation and/or approval to work additional hours, caused her to be the only person in her group in Jackson, MS to work under duress, in a hostile, racial,  discriminatory and toxic environment, for hundreds of additional hours without compensation from August 2010 to July 2015.

In December, 2013, Plaintiff first met SAC Raymond "Keith" Brown during an "all hands meeting" to meet the new SAC in Jackson, MS.  During the meeting, SAC Brown said that

---

[1] In using the phrase "DEA Chain of Command", Plaintiff is collectively referencing Raymond "Keith" Brown, former Special Agent In-Charge (SAC) New Orleans Field Division; Former and/or current Assistant Special Agent In Charge New Orleans Field Division and Jackson District Office (ASAC (s)) Floyd Baker, Joseph Shepherd and Daniel Comeaux; Ken Miles, Group Supervisor (GS), Jackson District Office and Alice Arnold, Supervisory Program Analyst, DEA Headquarters (HQ), as they were, directly or indirectly, involved in all of Plaintiff's work directives, work assignments and work-related communications and performances in this cause involving racial discrimination and hostile work environment, to which she complains.

the current administration, President Barack Obama, does not support law enforcement and things will not change for law enforcement as long as we have the current administration. As a black female, Plaintiff was very concerned and intimidated when she heard these statements.

Around February, 2014, and thereafter, including August 1-23, 2014, SAC Brown singled Plaintiff out of more than 500 workers to talk about her intelligence, and whether she knew how to do her job.

Plaintiff was shocked when she started receiving negative racial stereotype feedback about Black people's lack of intelligence from coworkers and supervisors who stated that SAC Brown informed them in a public area the Jackson, MS office, that Plaintiff did not know how to do her job, and that he was not going to approve her requests to work overtime/additional hours. Plaintiff opines that this was the motivating factor for the continued denial of her overtime requests, as well as caused damage to her reputation and earning capacity as a skilled skilled financial investigator.

From May, 2014, to July 21, 2015, Plaintiff was the only Black female in Jackson, MS, assigned to work on a high-profile grand jury investigation with more than 40 targets, $17 million in currency transactions, and 30 bank accounts to analyze, who did not receive compensation for working hundreds of mission-critical overtime/additional work hours. Plaintiff's Group Supervisor Ken Miles, approved Plaintiff's request to work additional hours but SAC Brown denied the request. However, compensation for working these same or relatively same hours on similar and like projects were approved for other similarly situated employees in this office.

Approval of SAC Brown was not required. Plaintiff, the Senior Financial Investigator: Kimball Hardeman, DEA Special Agent; Francisco "Frank" Altieri, Task Force Officer and

Norita Persaud, Diversion Investigator were all assigned to the grand jury investigation and worked as a team. Plaintiff's colleagues, Hardeman, Altieri and Persaud received compensation for working additional hours on the grand jury investigation, while Plaintiff did not.

From May 2014 to July 21, 2015, during this time period from April 20, 2015 to May 3, 2015, Plaintiff, the only black female on the grand jury, without requested assistance from any of the "in-house" financial investigators from DEA's fifteen-member Financial Investigators Group. As a result, on May 3, 2015, Plaintiff worked 14 hours consecutive hours in order to meet the deadline for the financial write up for the $900,000 financial seizures/Lis Pendens for houses, boats, cars, currency, bank accounts and multiple cars. Immediately prior to May 3, 2015, Plaintiff had worked eight (8) consecutive 13-hour workdays from April 20-29, 2015 and on her scheduled off day, April 30, 2015, she worked 10 hours to meet court-related deadlines. This was discrimination because the sole black female on the grand jury team was the only one who did not receive compensation for working additional hours while the other similarly situated grand jury team members were compensated for working additional hours.

From May 2014 to July 21, 2015, Plaintiff was the only Black female assigned to a high-profile ($900,000 financial seizure warrants) grand jury investigation (with multiple targets, including a doctor and pain clinic, and 30 bank accounts to analyze), in Jackson, MS. Plaintiff was the only grand jury team member who requested but did not receive the assistance of additional DEA personnel, Financial Investigators, to work on the large grand jury investigation operation. The only assistance that Plaintiff received was from an IRS Special Agent who only analyzed one (1) bank account out of 30 bank accounts. In addition, he did not assist with the write-up for the $900,000 financial seizure warrants.

Plaintiff's DEA Supervisor, Ken Miles, showed Plaintiff paperwork where he had

9

requested additional Financial Investigators and approval for Plaintiff to work additional hours. DEA Chain of Command assigned additional personnel, Special Agents, Task Force Officers and Diversion Investigators personnel to assist Special Agent Kimball Hardeman, Task Force Officer Frank Altieri and Diversion Investigator Norita Persuad, but no additional Financial Investigator personnel were assigned to assist Senior Financial Investigator Plaintiff.   While other similarly situated employees received such assistance.

June 22, 2015, Closing of Job Position in Jackson MS, and Breach of Plaintiff's PRM Contract June 22, 2015 Plaintiff received 30-day termination notification.  All DEA Supervisors and SAC Brow

gave inconsistent reasons why the job position closed. Plaintiff's immediate supervisor, Group Supervisor Ken Miles and ASAC Joseph Shepherd responses, were as follows: GS Miles, "I like the work Ms. Darnell has performed for my group and I wanted to keep her.  The decision to close the position was SAC Brown's."

ASAC Joseph Shepherd, Plaintiff's second level supervisor, said that, per his affidavit, that SAC Brown closed her position because SAC Brown "felt" she was not performing at the level she should.   SAC Brown's reason was not based on actual performance, and was an indication of discriminatory prejudice.   Plaintiff's actual performance is her immediate supervisor's GS Miles evaluation of her work.  GS Miles said that he liked her work and wanted to keep her.

SAC Brown in his affidavit said that he closed the position because there was a greater need for a financial investigator in Little Rock, AK.

SAC Brown's racial stereotype of Plaintiff and whether she knew how to do her job remained consistent from the first day he met her, despite a remarkably successful DEA

prosecution with seizures. Plaintiff has suffered continuous acts of discrimination, toxic and hostile work environment from SAC Brown telling Plaintiff's coworker not to talk to her to Plaintiff's termination which was the last and final overt act of discrimination in a long continuous series.

Plaintiff received an abrupt 30-day termination notification in the middle of the large grand jury trial preparation from PRM two months before the end of Plaintiff's five-year yearly contract.

Plaintiff opines, among other things, that SAC Brown directed his anger toward Plaintiff because she was a vulnerable contract worker (who in substance was an DEA employee) who could be easily terminated without cause instead of Ms. Kathryn Barrett, an official DEA employee, could only be terminated only with cause.

On October 26, 2015, Plaintiff filed an EEO complaint against DEA alleging discrimination on the bases of race (African, American), sex (female), and subsequently, received a right to sue notification. Plaintiff has attached a copy to this Complaint.

Plaintiff now brings this action against Defendant DEA pursuant to Title 42 U.S.C. Section 2000e et. seq., and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and sex.

## 6.  DISCRIMINATION

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by reference.)

Defendant, DEA, through its agents and/or representatives, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any

employment opportunity or adversely affect her status because of Plaintiff's race and sex in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

Defendant, DEA, through its agents and/or representatives, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

Plaintiff alleges that Defendant, DEA, through its agents and/or representatives, discriminated against her on the basis of race and sex with malice or with reckless indifference to her protected rights.

### 7.  **Plaintiff's Cause of Action Against Defendant Under Title VII**

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by reference.)

Plaintiff maintains that, at all relevant times to this cause, she was an employee of DEA, and, therefore, brings this cause of action under Title 42 U.S.C. Section 2000e et. seq.

42 U.S.C. §2000e-2, states that,

(a) It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

RACE DISCRIMINATION

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by

reference.)

Defendant, DEA, through its agents and/or representatives, intentionally engaged in unlawful employment practices involving Plaintiff because of her race, color, or national origin.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, adversely impacted Plaintiff relating to race, color, or national origin.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of overtime pay and compensation for hours worked and performed on various projects and investigations, while compensating other similarly situated employees who performed the same or similar projects and investigations adversely impacted Plaintiff relating to race, color, or national origin. These such employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of assisted staff members to work on various and essential projects and investigations, while approving and allowing assistants for other similarly situated employees who also performed the same or similar projects and investigations necessitating assistants, adversely impacted Plaintiff relating to race, color, or national origin. These such employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the removal of her from her position as a Senior Financial Investigator, while not removing other similarly situated employees, adversely impacted Plaintiff relating to race, color, or national origin. This such employment practice was not job-related and was not consistent with any business necessity.

Consequently, these unlawful employment practices of Defendant, DEA, through its agents and/or representatives, deprived Plaintiff of the compensation, terms, conditions, or privileges of employment in contravention of applicable law.

SEX DISCRIMINATION

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by reference.)

Defendant, DEA, through its agents and/or representatives, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, adversely impacted Plaintiff on the basis of her sex.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of overtime pay and compensation for hours worked and performed on various projects and investigations, while compensating other similarly situated employees who performed the same or similar projects and investigations adversely impacted Plaintiff relating to sex. These such employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of assisted staff members to work on various and essential projects and investigations, while approving and allowing assistants for other similarly situated employees who also performed the same or similar projects and investigations necessitating assistants, adversely impacted Plaintiff on the basis of her sex. These such employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the removal of her from her position as a Senior Financial Investigator, while not removing other similarly situated employees, adversely impacted Plaintiff relating to sex. This such employment practice was not job-related and was not consistent with any business necessity.

Consequently, these unlawful employment practices of Defendant, DEA, through its agents and/or representatives, deprived Plaintiff of the compensation, terms, conditions, or privileges of employment in contravention of applicable law.

### 8.   Plaintiff's Cause of Action Against Defendant Under 42 U.S.C. § 1981

RACE DISCRIMINATION

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by reference.)

In the alternative, Plaintiff maintains that, if she was deemed by Defendant to have been an Independent Contractor, she was, nonetheless, discriminated against by Defendant based on that status, and, therefore, brings this cause of action under 42 U.S.C. § 1981 as well.

42 U.S.C. § 1981, states that, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Defendant, DEA, through its agents and/or representatives, intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of overtime pay and compensation for hours worked and performed on various projects and investigations, while compensating other similarly situated employees who performed the same or similar projects and investigations adversely impacted Plaintiff relating to race, color, or national origin.  These such disparate employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the continuous denial of assisted staff members to work on various and essential projects and investigations, while approving and allowing assistants for other similarly situated employees who also performed the same or similar projects and investigations necessitating assistants, adversely impacted Plaintiff relating to race, color, or national origin. These such disparate employment practices were not job-related and were not consistent with any business necessity.

The unlawful employment practices of Defendant, DEA, through its agents and/or representatives, specifically the removal of her from her position as a Senior Financial Investigator, while not removing other similarly situated employees, adversely impacted Plaintiff relating to race, color, or national origin.  This such disparate employment practice was not job-related and was not consistent with any business necessity.

Consequently, these unlawful employment practices of Defendant, DEA, through its agents and/or representatives, deprived Plaintiff of the right to make and enforce contract in contravention of applicable law.

## 9.  DAMAGES

(Plaintiff hereby incorporates the above averments and facts to this portion of her complaint by

reference.)

Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    b.    All reasonable and necessary costs incurred in pursuit of this suit;

    c.    Emotional pain; and

    d.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole.

## 10. EXEMPLARY DAMAGES

Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

**SPECIFIC RELIEF**

Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Rehire Plaintiff;

    b.    Reinstatement to position of Senior Financial Investigator at pay grade or rate which Plaintiff held but for the unlawful employment actions of Defendant;

c.   Payment for pain and suffering from loss of job, and damages to business and professional reputation; and

d.   Compensation for expenses incurred for apartment lease as a result of loss of job.

## 11. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Pro Se Plaintiff, Esther Darnell, respectfully prays that Defendant(s) be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for her against the Defendant(s) for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which she may be entitled to at law and/or in equity.

Respectfully submitted,

Esther Darnell
11110 Sage Gale Drive
Houston, TX 77089
edarnell2002@yahoo.com
(832) 651-5226
Pro Se Plaintiff

## PRO SE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

U.S. Department of Justice

**Complaint of Discrimination**
*(See instructions on reverse)*   2015-02106

PRIVACY ACT STATEMENT: 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

| 1. Complainant's Full Name | 2. Your Telephone Number (including area code) |
|---|---|
| ESTHER DARNELL | Home 832-657-5226 |
| Street Address, RD Number, or Post Office Box Number | |
| 11110 Sage Bale DR | Work N/A |
| City, State and Zip Code | |
| Houston, TX 77089 | |

| 3. Which Department of Justice Office Do You Believe Discriminated Against You? | 4. Current Work Address Unemployed |
|---|---|
| Drug Enforcement Administration New Orleans Field Division | N/A Job Position Eliminated 7/22/15 |
| | A. Name of Agency Where You Work |
| | N/A |
| B. Street Address of Office | B. Street Address of Your Agency |
| 3838 N. Causeway Blvd. III Lakeway Suite 1800 | N/A |
| | C. City, State and Zip Code |
| C. City, State and Zip Code | N/A |
| Metairie, LA 70002 | D. Title and Grade of Your Job |
| | N/A |

2015 OCT 28  2:50   EEO RECEIVED

| 5. Date on Which Most Recent Alleged Discrimination Took Place | 6. Check Below Why You Believe You Were Discriminated Against? |
|---|---|

| Month | Day | Year |
|---|---|---|
| 07 | 21 | 2015 |

☒ Race or Color *(Give Race or Color)* Black
☐ Religion *(Give Religion)*
☒ Sex *(Give Sex)*   ☐ Male   ☒ Female
    ☐ Sexual Harassment
☐ Age *(Give age)*
☐ National Origin *(Give National Origin)*
☐ Disability   ☐ Physical   ☐ Mental

☐ Genetic Information
☐ Sexual Orientation
☐ Gender Identity
☒ Reprisal
☐ Parental Status
☐ Class Complaint

7. Explain How You Believe You Were Discriminated Against *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Genetic Information, Sexual Orientation, Gender Identity, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

I was subjected to multiple discriminatory acts by the New Orleans Field Division DEA Chain of command. The most recent act occurred Close of business July 21, 2015 when I no longer had a job with DEA. The details of these discriminatory acts are reflected on an attached to this form. (SEE Attachment)

8. What Corrective Action Do You Want Taken on Your Complaint? Reinstatement to position of Senior Financial Investigator. Payment for loss of income as a result of loss of job and payment for working hundreds of hours without compensation. Payment for pain and suffering from lost wages and damages to reputation as a result. Any punitive spread by the Raymond Keith braun. I seek punitive spread by the Raymond Keith braun. Compensation for expenses incurred for breach of apartment lease as a result of loss of job.

| 9. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official. | B) Name of Counselor |
|---|---|
| DATE OF FIRST CONTACT WITH EEO OFFICE: | DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR: | Jainay M. Shaw EEO Counselor   ☐ I Have Not Contacted an EEO Counselor |
| 07 \| 20 \| 2015 | 10 \| 16 \| 2015 | |

| 10. Date of This Complaint: | 11. Sign Your Name Here: |
|---|---|
| Month  Day  Year | |
| 10 \| 26 \| 2015 | Esther Darnell |

Attachment A

Esther Darnell
Attachment to Form 201A
Dated October 26, 2015

May 13, 2014 to July 2015 as a result of discriminatory lack of approval to work additional hours by DEA chain of command for big Operation I incurred, under duress, hundreds of unpaid hours to do the job required by DEA chain of command which was to work multiple targets in big Operation involving more than $900,000 in seizure warrants for assets while continuing to provide financial support for 3 DEA groups. I was the only financial investigator assigned this type of excessive workload which contributed to a harsh, discriminatory and very stressful work environment. I was the only person assigned to the investigation that did not receive approval to work additional hours.
July 21, 2015 close of business loss of job.
June 22, 2015 Notified of closing of job position and not allowed to complete financial investigative work on large operation during the middle of trial prep
Jan 2015 to April 2015 During this time period when I was required to work multiple targets on big Operation involving more than $900,000 in seizure warrants for assets while continuing to provide financial support for 3 DEA groups ASAC Shepherd insisted that I work on a case in the HIDTA group. I had to do a financial investigation and write up a DEA 6. During a meeting with ASAC Shepherd and case agents I was asked detailed questions about my financial investigation. I felt like with the excessive workload, no approval for additional hours on big Operation and not being allowed to draft subpoena requests for bank/financial records DEA chain of command was setting me up for failure. I responded by incurring substantial volunteer hours in order to not fail. I did not fail. I did everything that was requested by DEA chain of command and I still lost my job.
Jan 16, 2015 I reported alleged sexual harassment of a very vulnerable (2 year Iraq veteran) clerk by a DEA Group Supervisor and suffered retaliation by loss of job. This alleged sexual harassment occurred at the same time the national media was reporting incidents of alleged improper sexual conduct by DEA employees. Other individuals in DEA Jackson MS office had knowledge of it but failed to report it to management. I knew it was very risky for a contract employee to report sexual harassment because it is very easy to improperly terminate contract employees. I lost my job because I reported alleged sexual harassment. To date, it appears that I am the only person that has suffered adverse action as a result of the alleged sexual harassment. DEA Jackson, MS office culture appears to support the office culture that says if you see sexual harassment in the workplace and if you do not want to lose your job then you should not report it like the other individuals in the office.
Nov 5, 2014 SAC Brown said that I could not draft subpoenas (for approval by Special Agents) for bank/financial records.

*page 2 of 3 pages*

000014

Esther Darnell
Attachment to Form 201A
Dated October 26, 2015

October 1&16, 2014 Continued harassment and threats about seizures and which groups I
work for, one week New Orleans Field Division the next week, one group, Group 55.  I was
told by my DEA chain of command that the SAC bought up my position and we needed
seizures on the big operation.  We got seizures and I still lost my job.

August 22&23, 2014 Only Financial Investigator assigned excessive workloads 5 groups

August 5, 2014, DEA chain of command said that if seizures for Group 55 do not increase
SAC Brown would move me from Group 55 to Alabama or New Orleans.  Seizures
increased for Group 55.  I did what was asked of me and I still lost my job.

May 13, 14 and August 22, 2014 I requested approval from SAC Brown to work additional
hours on large operation. I was the only person that did not receive approval.

August 1-23, 2014 SAC Brown spread nasty rumors that I did not know how to do my job
in a public area in Jackson, MS office and to 2 other individuals.  I suffered
embarrassment, upset stomach, humiliation and loss of appetite and my reputation as a
financial investigator was damaged.

Remedy(ies) Sought:

Reinstatement to position of Senior Financial Investigator

Payment for loss of income as a result of loss of job and payment for working hundreds of
hours under duress

Payment for pain and suffering from loss of job and damages to reputation as result of
false rumors spread by SAC Raymond Keith Brown

Compensation for expenses incurred for apartment lease as a result of for loss of job.

Exhibit A1
Page   3   of   4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Esther J. Darnell, a/k/a
Marvella B.,[1]
Complainant,

v.

William P. Barr,
Attorney General,
Department of Justice
(Drug Enforcement Administration),
Agency.

Request No. 2020001913

Appeal No. 0120182527

Hearing No. 461-2017-00063X

Agency No. DEA201602106

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120182527 (November 14, 2019). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency.  See 29 C.F.R. § 1614.405(c).

Complainant worked as a Senior Financial Investigator, Contract Employee, at the Agency's New Orleans Division, New Orleans, Louisiana. Complainant filed an EEO complaint alleging discrimination on the bases of race (African American), sex (female), and reprisal when:

1. From May 13, 2014, through July 2015, she was given a larger workload than the other investigators in her group, and she was not given approval to work additional hours;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

*Attachment B*

2                                                          2020001913

2.  From August 1 to August 12, 2014, the Special Agent in Charge made comments in a public area that Complainant did not know how to do her job;
3.  On November 5, 2014, she was told not to draft subpoenas for financial records; and
4.  On June 22, 2015, she was notified of the closing of her position.

Our prior appellate decision affirmed the Equal Employment Opportunity Commission Administrative Judge's (AJ) decision by summary judgment which found in favor of the Agency, concluding Complainant failed to prove her discrimination claims.  In his decision, the AJ found that Complainant was not subjected to either disparate treatment or a hostile work environment, and that she failed to produce evidence that the Agency's reasons for its actions were a pretext for discrimination.

In her request for reconsideration, Complainant expresses her disagreement with the previous decision and makes numerous arguments she has made previously.  We emphasize that a request for reconsideration is not a second appeal to the Commission.  See EEO MD-110, Ch. 9, § VII.A.  Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency.  Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request.  The decision in EEOC Appeal No. 0120182527 remains the Commission's decision.  There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs.  Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you.  **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

3                                                  2020001913

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

September 3, 2020
Date



U.S. POSTAGE >> PITNEY BOWES

$ 000.50⁰

ZIP 20507
02 4W
0000361777 SEP 03 2020

CAP DISTRICT
MD 207
04 SEP '20
PM 3 L

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. BOX 77960
WASHINGTON, DC 20013

OFFICIAL BUSINESS

77089-363910

4                                                    2020001913

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Esther J. Darnell
11110 Sage Gale Drive
Houston, TX  77089

Mr. Oliver C. Allen, Jr., EEO Officer
~~Drug Enforcement Administration~~
Equal Employment Opportunity Staff
Via FedSEP

September 3, 2020
Date

Compliance and Control Division

Reference #: 2020001913
Esther J. Darnell
11110 Sage Gale Drive
Houston, TX  77089