United States District Court
Southern District of Texas
**ENTERED**
August 20, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTHER DARNELL, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-4143 |
| | § | |
| DEPARTMENT OF JUSTICE (DRUG | § | |
| ENFORCEMENT ADMINISTRATION), ET AL., | § | |
| *Defendants.* | § | |

## **MEMORANDUM AND RECOMMENDATION**

This employment dispute is before the Court on Defendants'[1] Partial Motion to Dismiss.[2] ECF 19.[3] Plaintiff, appearing pro se, is suing Defendants for race and sex discrimination in violation of Title VII and race discrimination in violation of 42 U.S.C. § 1981. ECF 17. Defendants have moved to dismiss Plaintiff's § 1981 claim with prejudice because that statute does not apply to federal entities.

Plaintiff alleges that between August 10, 2010 and July 21, 2015 she worked as the only Black female Contract Senior Financial Investigator for the DEA in the Jackson, MS District Office of the New Orleans Field Division. ECF 17, ¶ 33. Plaintiff filed this suit against the DEA, its Acting Director, and the United States Attorney General for discrimination under 42 U.S.C. § 1981 and Title VII.[4]

---

[1] Defendants are the United States Drug Enforcement Administration (DEA), Attorney General Merrick Garland, and Acting Administrator of the DEA Anne M. Milgram. *See* FED. R. CIV. PRO. 25(d).

[2] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

[3] Defendants filed a prior Motion to Dismiss on May 27, 2021. ECF 15. In response, Plaintiff filed her First Amended Complaint. ECF 17. Defendants then filed the instant Motion to Dismiss the First Amended Complaint. ECF 19. The initial motion, ECF 15, is denied as moot in light of the subsequent motion.

[4] Plaintiff's First Amended Complaint names as a Defendant only prior Acting Director, Timothy O'Shea, in his official capacity. ECF 17.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). These rights "are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Under the plain terms of the statute, a federal employee may not bring a § 1981 action against a federal agency or federal officers acting under color of federal law. *Cox v. Vela*, No. CIV.A. H-12-1932, 2014 WL 345675, at *3 (S.D. Tex. Jan. 30, 2014). Defendants have moved for dismissal of Plaintiff's § 1981 claim under Rule 12(b)(6) because Plaintiff has not alleged that the federal agency and federal officers she has sued were acting under of color of State law.[5]

While the Court agrees that Plaintiff cannot state a § 1981 claim for relief against Defendants, the claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) rather than under Rule 12(b)(6).[6] It is well-established that the United States has not waived its sovereign immunity for cases brought under § 1981. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *2 (S.D. Tex. Nov. 17, 2016) (holding plaintiff's 42 U.S.C. § 1981 claim barred by sovereign immunity); *Sapp v. Potter*, No. 1:07-CV-650, 2010 WL 1268156, at *10 (E.D. Tex. Feb. 17, 2010), report and recommendation adopted, No. 1:07-CV-650, 2010 WL 1268153 (E.D. Tex. Mar. 25, 2010) ("Section 1981 actions against the United States and its agency heads in their official capacities are barred by the doctrine of sovereign immunity.").

---

[5] In her Response, Plaintiff argues that she has stated a claim against these federal defendants due to their contractual relationships with Maximus Federal Services and Professional Risk Management, Inc. See ECF 22 at 2-3. However, Plaintiff has not alleged any facts that show that Maximus and PRM, private companies, are State actors.
[6] This Court has the "the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Sanders v. Boeing Co.*, No. 20-10882, 2021 WL 3412509, at *2 (5th Cir. Aug. 4, 2021).

Sovereign immunity extends not just to the United States but to federal officials in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued."). Sovereign immunity deprives federal courts of subject matter jurisdiction. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). Dismissal without prejudice is proper when a district court dismisses a case for lack of subject matter jurisdiction. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017).

Therefore, the Court recommends that Plaintiff's claim for discrimination brought pursuant to 42 U.S.C. § 1981 be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[7]

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 20, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

---

[7] Plaintiff alleges that the DEA acted as her employer. ECF 17, § 34-37. If true, "[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Kaswatuka v. United States Dep't of Homeland Sec.*, No. 20-10632, 2021 WL 3285302, at *3 (5th Cir. Aug. 2, 2021). Defendants did not move to dismiss Plaintiff's Title VII claim and it remains pending.