United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTHER DARNELL, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-4143 |
| | § | |
| DEPARTMENT OF JUSTICE (DRUG | § | |
| ENFORCEMENT ADMINISTRATION), ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on the Motions to Dismiss of the Government (ECF 39), Maximus Federal Services, Inc. (ECF 37) and Professional Rick Management, Inc. (PRM) (ECF 42).[1] Plaintiff, appearing pro se, has responded to each motion. The Court recommends that the Government's motion be denied, and Maximus's and PRM's motions be granted.

**I. Background**

Plaintiff filed her original Complaint in December 2020 naming as Defendants the "Department of Justice (Drug Enforcement Administration); William Barr, United States Attorney General; and Timothy Shea, Acting Administrator of the Drug Enforcement Administration (DEA) in their Official Capacities" and alleging race and sex discrimination in violation of Title VII and 42 U.S.C. § 1981. ECF 1. The Court dismissed Plaintiff's § 1981 claim against the Government Defendants for lack of subject

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

matter jurisdiction because that statute does not apply to federal agencies or officers.  ECF 23, 27.  With leave of court (ECF 29), Plaintiff filed a Second Amended Complaint (ECF 32) joining Maximus Federal Services, Inc., (Maximus) and Professional Rick Management, Inc. (PRM) as Defendants.

The Government filed a motion to dismiss the Second Amended Complaint on behalf of "The federal government defendants (Department of Justice, Drug Enforcement Administration; Merrick Garland substituted for William Barr under Federal Rule of Civil Procedure 25(d); and Anne Milgram substituted for Timothy Shea)."  ECF 39. However, in addition to Maximus and PRM, Plaintiff's Second Amended Complaint names as a Defendant only Timothy Shea, Acting Administrator of Drug Enforcement Administration (DEA), in his official capacity.  ECF 32.  Therefore, the remaining Government Defendant is Anne Milgram in her official capacity as Administrator of the DEA.

Plaintiff's Second Amended Complaint alleges that in 2008 the Department of Justice and and Maximus entered a "Task Order" that required Maximus to provide professional services to assist the DOJ's Asset Forfeiture Program.  ECF 32, ¶ 32. Pursuant to the Task Order, Maximus was required to furnish Senior Financial Investigators to work in DEA field offices.  *Id.* ¶ 33.  Maximus subcontracted with PRM to furnish Senior Financial Investigators to the DEA. *Id.* ¶ 34.  On August 10, 2010 Plaintiff entered into an Independent Contractor Agreement with PRM to work as a Contract Senior Financial Investigator in Jackson, Mississippi. *Id.* ¶ 33.  Plaintiff worked in the DEA's Jackson, Mississippi office from August 10, 2010 through July 21, 2015, and during that time was the only Black, female, Contract Senior Financial Investigator in the

Jackson office. *Id.* ¶¶ 6, 35, 46. Plaintiff alleges that she was "hired as an Independent Contractor with PRM/Maximus" who were "her employment contracting companies," but she also alleges that "at all relevant times to this cause, she was an employee of DEA." *Id.* ¶¶ 5, 82. Plaintiff also alleges that her workplace environment was "toxic, hostile, and discriminatory." *Id.* ¶ 7. In short, she asserts that she was forced to work overtime hours without compensation, was given an unreasonable workload, and was threatened with transfer to a less desirable position if she did not increase her production. *Id.* ¶ 11. She further asserts that because she reported a DEA supervisor's sexual harassment of others, the DEA eliminated her position and PRM terminated her independent contractor agreement two months before its September 30, 2015 end date. *Id.* ¶ 12.

Plaintiff filed a charge of discrimination against the DEA on October 26, 2015 and received a final adverse ruling on September 3, 2020. *Id.* ¶¶ 24-26. Plaintiff alleges she filed a charge of discrimination against PRM on January 15, 2016. Plaintiff does not allege she received an EEOC right to sue letter, but that the EEOC dismissed her charge because PRM was not her employer. *Id.* ¶ 27.

All Defendants now move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). After setting forth the standard of review under Rule 12(b)(6), the Court will address each motion in turn.

II.     **Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

**III.**     **Analysis**

    **A.**     **Government's Motion to Dismiss**

*Section 1981 Claim.* The Court previously dismissed Plaintiff's 42 U.S.C. § 1981 claim against the Government Defendants. ECF 23, 27. Plaintiff acknowledges her claims against the Government Defendants pursuant to Title 42 U.S.C. § 1981 have been

4

dismissed and contends that she only included a § 1981 claim against the DEA or other Government Defendants in the Second Amended Complaint to preserve her appellate rights. *See* ECF 49 at 5. The Section 1981 claim has been dismissed as to all Government Defendants and the Court need not revisit that ruling here.

*Title VII Claim.* Title VII prohibits an employer from discriminating against an employee based on gender or race and from retaliating against an employee for reporting actions she believes are violations of Title VII. *See* 42 U.S.C. §§ 2000e-2(a);2000e-3(A). For Title VII to apply, an "employer" must be in an industry affecting interstate commerce, have more than 15 employees, and can include governments, government agencies, and political subdivisions. *Id.* §§ 2000e(a), (b). With what has been referred to as "magnificent circularity," Title VII defines "employee" as "an individual employed by an employer.'" *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986) (quoting 42 U.S.C. § 2000e(f)). Whether a person is an "employee" for purposes of Title VII is a question of federal law and must be "ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand." *Id*. at 1159-60. Courts in the Fifth Circuit apply an "economic realities test" to determine whether an individual is an employee under Title VII. *Id.* at 1160. The economic realities test has numerous factors, but the most important factor is the degree of control exercised by the alleged employer over the employee's work. *Id.*

The Government did not initially move to dismiss Plaintiff's Title VII claim. *See* ECF 19. The Government filed its Motion to Dismiss Plaintiff's Title VII claim after

5

Maximus and PRM were added as Defendants, arguing "Fifth Circuit case law forecloses Plaintiff's argument that the government acted as a joint employer with [PRM and/or Maximus]." ECF 39 at 2. Plaintiff's Second Amended Complaint can be interpreted to allege a joint employer theory of liability because the Complaint alleges that PRM and Maximus were her "employment contracting companies," (ECF 32 ¶ 5), but also alleges that she is an employee of the DEA and the DEA exercised control over her work. ECF 32 ¶ 82 (alleging that "at all relevant times . . . [Plaintiff] was an employee of the DEA, and therefore, brings this cause of action under Title 42 U.S.C. Section 2000e, et seq."); ECF 32 ¶ 47 (alleging the DEA "treated her like a DEA employee," controlled her work assignments and hours, and supplied all needed equipment and supervision). *See also*, *Karagounis v. Univ. of Texas Health Sci. Ctr. at San Antonio*, No. 97-50587, 1999 WL 25015 *2 (5th Cir. 1999) (describing joint employer theory as "show[ing] that the defendant in question exercised such control over the labor relations of the other defendant that they together should be considered 'joint employers.'"). However, Plaintiff's Responses to the pending Motions to Dismiss clarify she is ***not*** contending that the Government, PRM, and Maximus were her joint employers for purposes of Title VII liability. *See* ECF 49 at 2-3; ECF 48 at 2-3; ECF 46 at 2-3. Plaintiff expressly and definitively represents that her "claim against [PRM and Maximus] is 42 U.S.C. § 1981" and ***only if*** "Defendants PRM and Maximus, not Plaintiff, claim PRM and Maximus are Plaintiff's employers, then Plaintiff would have Title VII claims against Defendants PRM and Maximus." ECF 48 at 3; ECF 46 at 3; *see also* ECF 52 at 2 ("Plaintiff's response

continues to be that ***Plaintiff has filed a 42 U.S.C. § 1981 claim against Maximus for violations of 42 U.S.C. Section 1981.***" (emphasis in original)).[2]

The Government Defendant's Motion to Dismiss correctly asserts that the "joint employer" theory of liability does not apply to government defendants. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 n.10 (5th Cir. 1983) (stating that integrated enterprise or single employer standard "is not readily applicable to governmental subdivisions"); *Karagounis v. Univ. of Texas Health Sci. Ctr. at San Antonio*, No. 97-50587, 1999 WL 25015 *2 (5th Cir. 1999) (recognizing that *Trevino* held the joint employer theory does not apply to governmental subdivisions). To the extent the pro se Plaintiff's Second Amended Complaint asserts that PRM and Maximus are her employers and seeks to hold the Government Defendants liable only under a theory that the DEA acted as a "joint employer" with PRM and Maximus, the Complaint would fail to state a cognizable claim against the Government Defendants as joint employers. However, Plaintiff's Second Amended Complaint alleges the DEA *was* her employer for purposes of Title VII, and her Response to the Motion to Dismiss expressly states that she is pursuing a Title VII claim only against the DEA as her employer, not as a joint employer with Maximus and/or PRM. *See* ECF 49 at 2-3; ECF 48 at 2-3; ECF 46 at 2-3. The Government has not moved to dismiss Plaintiff's Title VII claim on the grounds that she has failed to allege, or cannot

---

[2] Although the scope of § 1981 liability against non-employers is unsettled in the Fifth Circuit, § 1981 does not limit claims only to statutory employers and thus, while Plaintiff's insistence that Maximus and PRM are not her employers would be fatal to a Title VII claim against them, it does not require dismissal of her § 1981 claims. *Santiago v. YWCA of El Paso Found.*, No. EP-14-CV-247-KC, 2014 WL 3672975, at *3 (W.D. Tex. July 24, 2014)

plausibly allege, that the DEA was her employer for purposes of Title VII. For this reason, the Court RECOMMENDS that the Government's Motion to Dismiss be DENIED.

### B. Maximus's Motion to Dismiss

*Section 1981 claim.* Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). These rights "are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). A Plaintiff asserting a § 1981 claim must identify an existing or proposed contract that she wants to make and enforce. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 931 (5th Cir. 2021). The contract must create an enforceable contractual right between the Plaintiff and the Defendant charged with discrimination unless the Defendant is "one and the same" as a separate party with whom the Plaintiff does have a contractual relationship. *Perry*, 990 F.3d at 932-33. Claims brought pursuant to 42 U.S.C. § 1981 generally are governed by the relevant state personal injury limitations period, which in Texas is two years from the alleged adverse employment action. *Byers v. Dallas Morning News*, 209 F.3d 419, 424 (5th Cir. 2000). But, if a plaintiff's cause of action was created by post-1990 amendments to § 1981, then the catch-all four-year statute of limitations of 28 U.S.C. § 1658(a) applies to the claim. *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 368 (5th Cir. 2008) (citing *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382 (2004)).

Maximus moves to dismiss Plaintiff's § 1981 claim because Plaintiff and Maximus were not in contractual privity and her claim is barred by the statute of limitations. The Court finds from the face of Plaintiff's pleadings that her § 1981 claim is time-barred. Plaintiff's claim accrued no later than July 21, 2015, when her position with DEA ended. Therefore, the statute of limitations on her § 1981 claims expired no later than July 21, 2019. Plaintiff filed her Second Amended Complaint joining Maximus as a Defendant on October 6, 2021. Because the claims are time-barred, the Court need not address Plaintiff's argument that she was in privity with Maximus.

*Title VII claim.* Maximus moves to dismiss Plaintiff's Title VII claim on the grounds that it was not her employer, she did not exhaust administrative remedies, and her claim is time-barred. As discussed above, Plaintiff has affirmatively represented that she is not asserting a Title VII claim against Maximus. ECF 48 at 2-3. In addition, Title VII requires a Plaintiff to file a charge of discrimination with the EEOC within 300 days, at the latest, of the alleged discriminatory act. *Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009) (citing 42 U.S.C. § 2000e-5(e)(1)). Plaintiff's employment at the DEA ended on July 21, 2015. Plaintiff did not file an EEOC charge against Maximus within the required time frame (by May 16, 2016), and it is now too late to do so. To the extent the Second Amended Complaint can be interpreted to assert a Title VII claim against Maximus, the claim should be dismissed with prejudice as time-barred.

In sum, the untimeliness of Plaintiff's § 1981 and Title VII claims against Maximus are defects that cannot be cured by allowing Plaintiff to replead. Therefore, the Court RECOMMENDS that Maximus's Motion to Dismiss be GRANTED with prejudice.

### C. PRM's Motion to Dismiss

*Section 1981 claims.* PRM moves to dismiss Plaintiff's § 1981 claims as time-barred. As discussed above, Plaintiff's claim accrued, at the latest, on July 21, 2015, her termination date. The fact that Plaintiff filed a Title VII EEOC charge of discrimination against PRM does not toll the statute of limitations on her section 1981 claims. See *Taylor v. Bunge Corp.*, 775 F.2d 617, 618–19 (5th Cir. 1985) ("The filing and processing of charges with the EEOC under Title VII does not toll the running of the state prescriptive period governing section 1981 claims."). Therefore, the statute of limitations on her § 1981 claims expired, at the latest, by July 21, 2019. Plaintiff filed her initial Complaint in December 2020 and her Second Amended Complaint joining PRM as a Defendant on October 6, 2021. Therefore, her § 1981 claims against PRM are time-barred.

*Title VII claims.* PRM argues Plaintiff's Title VII claims must be dismissed because Plaintiff was an independent contractor, not an employee, and her claim is time-barred. As with Maximus, Plaintiff has affirmatively represented that she is not asserting a Title VII claim against PRM. ECF 46 at 2-3. However, the Second Amended Complaint alleges that Plaintiff filed an EEOC charge against PRM on January 15, 2016 and that the EEOC dismissed her claim "because Plaintiff was not an employee of PRM." ECF 32 ¶ 27. The Court takes judicial notice of the EEOC claim file for Plaintiff's charge against PRM, which indicates that the EEOC found no jurisdiction over the charge on April

7, 2016. ECF 42-1 at 6; *Baker v. Lone Star Legal Aid*, No. 4:20-CV-3870, 2022 WL 822361, at *2 (S.D. Tex. Jan. 4, 2022), report and recommendation adopted, No. 4:20-CV-3870, 2022 WL 558054 (S.D. Tex. Feb. 24, 2022) ("Courts frequently consider various EEOC documents at the motion to dismiss stage, either because they are central to the plaintiff's claims or are subject to judicial notice."). Even accepting Plaintiff's argument that her charge against PRM was "consolidated for joint processing" with her charge against the DEA, (ECF 51 at 3), she received a Right to Sue Letter on that charge on September 3, 2020. Plaintiff did not name PRM as a Defendant in her December 2020 Complaint and did not sue PRM until October 16, 2021. To the extent the Second Amended Complaint can be construed as asserting a Title VII claim against PRM, it should be dismissed with prejudice as time-barred.

The untimeliness of Plaintiff's § 1981 and Title VII claims cannot be cured by allowing Plaintiff to replead. Because Plaintiff's claims are time-barred, the Court RECOMMENDS that PRM's Motion to Dismiss be GRANTED.

### III.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that the Government's Motion to Dismiss (ECF 39) be DENIED, Maximus's Motion to Dismiss (ECF 37) be GRANTED, and PRM's Motion to Dismiss (ECF 42) be GRANTED. Therefore, the Court RECOMMENDS that all claims against Maximus and PRM be DISMISSED WITH PREJUDICE, and Plaintiff's Title VII claim against the Government remain pending.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections,

pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 14, 2022, at Houston, Texas.

                                               Christina A. Bryan
                                               United States Magistrate Judge