IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTHER DARNELL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-4143 |
| | § | |
| DEPARTMENT OF JUSTICE (DRUG | § | |
| ENFORCEMENT ADMINISTRATION), | § | |
| ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on the parties' Cross Motions for Summary Judgment. ECF 89; ECF 98.[1] Having considered the parties' submissions and the law, the Court recommends that the Government's motion be granted and Plaintiff's claims be dismissed with prejudice.

## I.  Background

On August 10, 2010, Plaintiff Darnell, a Black female, entered into an Independent Contractor Agreement with former Defendant Professional Risk Management (PRM) to work as a Contract Senior Financial Investigator in Jackson, Mississippi. ECF 32, ¶ 35; ECF 89-1. The Independent Contractor Agreement included a Statement of Work acknowledging that "Independent Contractors shall

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

not work more hours in a given month than the total of 8 hours times the number of U.S. Government work days in the month." ECF 89-1 at 9. From August 10, 2010 through her termination in July 21, 2015, just two months shy of the expected termination date of her PRM contract, Plaintiff worked as a Financial Investigator assisting with asset forfeitures in the DEA's Jackson, Mississippi office. ECF 32 ¶ 35. During this period, "Plaintiff was the only Black, female, Contract Senior Financial Investigator who worked for DEA in Jackson, MS." *Id.* ¶ 46. Plaintiff's direct supervisor was Kenneth Miles. ECF 95-1 at 9. In June 2015, Special Agent in Charge (SAC) for the New Orleans Field Office, Raymond K. Brown, decided to close Plaintiff's position in Jackson, Mississippi and move the position to the Little Rock, Arkansas office. ECF 95-1 at 32.

Plaintiff filed a Complaint of Discrimination with the Department of Justice on October 26, 2015, alleging the DEA discriminated against her based on her race and sex by forcing her to work overtime hours without overtime pay and terminating her position despite the fact that she was doing all the work she was asked to do. *See* ECF 32 at 29-31; ECF 89-5 at 16-17. She also complained that DEA terminated her position in retaliation for her reporting in January 2015 that a coworker was being sexually harassed. *Id.* An Administrative Law Judge issued a Decision Without a Hearing on Plaintiff's Complaint on May 4, 2018 and entered judgment in favor of the DEA. ECF 89-5 at 12-46. Plaintiff appealed the ALJ decision to

the Office of Federal Operations, which affirmed the decision and issued a right to sue notice on September 3, 2020. ECF 89-2.

Plaintiff initiated this case by filing an Original Complaint on December 4, 2020 alleging race and sex discrimination by the DEA in violation of Title VII and 42 U.S.C. § 1981. ECF 1. The Court dismissed Plaintiff's § 1981 claims against the Government Defendants for lack of subject matter jurisdiction because that statute does not apply to federal agencies or officers. ECF 23; ECF 27. With leave of court, Plaintiff filed a Second Amended Complaint asserting discrimination claims against the DEA,[2] PRM, and another government contractor, Maximus Federal Services, Inc. ECF 32. Plaintiff did not plead a claim for retaliation in her Original, First Amended, or Second Amended Complaints. *See* ECF 1; ECF 17; ECF 32. The Court dismissed with prejudice Plaintiff's claims against Defendants other than the DEA. ECF 54; ECF 57. The DEA and Plaintiff have now filed Cross-Motions for Summary Judgment on Plaintiff's Title VII discrimination claims.

---

[2] Plaintiff's Second Amended Complaint named Timothy Shea, Acting Administrator of the Drug Enforcement Administration as Defendant. As the Court noted in its June 14, 2022 Memorandum and Recommendation, Anne Milgram, Administrator of the DEA, is substituted for Timothy Shea as the remaining Defendant in this action. ECF 54 at 2.

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

When parties file cross motions for summary judgment, each movant bears the burden of establishing there are no genuine issue of material fact and that it is entitled to summary judgment. *CareFlite v. Office & Prof'l Emps. Int'l Union, AFL–CIO*, 612 F.3d 314, 318 (5th Cir. 2010) (citing *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004)). Each motion must be considered with evidence and inferences taken in the light most favorable to the non-moving party. *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

In ruling on motions for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable

inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

Defendant DEA argues it is entitled to summary judgment on Plaintiff's Title VII race and sex discrimination claims because Plaintiff:

- did not timely file this lawsuit;

- did not bring her denial of overtime pay claim to an EEO counselor within 45 days and therefore failed to exhaust her administrative remedies on that claim;

- cannot demonstrate a prima facie case of discrimination based on denial of overtime pay;

- cannot demonstrate a prima facie case of discrimination based on her termination; and

- cannot demonstrate the DEA's asserted non-discriminatory explanation for its actions is pretext for discrimination.

As explained below, the DEA's Motion for Summary Judgment should be granted because, considering the evidence and inferences in the light most favorable to Plaintiff, she has failed to meet her burden to create a genuine issue of material fact in response to DEA's evidence and arguments. It therefore follows that, with respect to her own Motion for Summary Judgment and considering the evidence and

inferences in the light most favorable to the Defendant, Plaintiff has failed to meet her burden to prove each element of her claims as a matter of law.

### A. Plaintiff timely filed her lawsuit within 90 days of receiving her "right to sue" letter.

As set forth in the Background section, The EEOC issued its final decision on Plaintiff's EEO Complaint of Discrimination on September 3, 2020. ECF 89-2. The September 3, 2020 decision informed Plaintiff of her "right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." *Id.* at 3. Plaintiff attached to her Original Complaint filed on December 4, 2021, an envelope from the EEOC post-marked September 4, 2020, and a Certificate of Mailing dated September 3, 2020 stating that "the Commission will presume that this decision was received within five (5) calendar days after it was mailed." ECF 32 at 35-36.

The DEA argues that because September 3, 2020 to December 4, 2020 is 92 days, Plaintiff's Complaint was 2 days late. ECF 89 at 8. But the 90-day period runs from the date Plaintiff *received* the September 3, 2020 decision, not the date it was issued or mailed. The Certificate of Mailing presumes the decision to have been received within five days after mailing, or on September 8, 2020. Thus, Plaintiff's suit was timely-filed and Defendant's Motion for Summary Judgment based on the 90-day limitations period should be denied.

## B. Plaintiff's EEO Complaint of Discrimination based on denial of overtime or other conduct occurring before June 5, 2015 was not timely.

A plaintiff must exhaust administrative remedies before filing a Title VII claim in federal court. *Alabbassi v. Whitley*, No. 21-20070, 2022 WL 101975, at *2 (5th Cir. Jan. 11, 2022) (citing *Davis v. Fort Bend County*, 893 F.3d 300, 303 (5th Cir. 2018)). To meet the exhaustion requirement, an employee of a federal agency must initiate contact with an EEO Counselor regarding a complaint of discrimination "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." *Id.*; 29 C.F.R. § 1614.105(a)(1). At the conclusion of the counseling process, the EEO Counselor must issue a notice of final interview informing the employee of her right to file a formal Complaint of Discrimination with the agency that allegedly discriminated against the employee within 15 days. *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 851 (S.D. Tex. 2010) (citing *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990)); 29 C.F.R. §§ 1614.106(a) and (b). Failure to meet the exhaustion requirements bars a federal employee from seeking review of her claims in federal court "absent waiver, estoppel, or equitable tolling." *Austin v. Potter*, 358 F. App'x 602, 605 (5th Cir. 2010).

Complaining of actions that occurred between May 2014 and July 2015, Plaintiff filed a Complaint of Discrimination with the Department of Justice on October 26, 2015. ECF 32 at 29-31. In her Complaint of Discrimination, she

identified the date of her first contact with an EEO Counselor as July 20, 2015. She received the notice of final interview with the EEO Counselor on October 16, 2015. In an attachment explaining the basis for her Complaint of Discrimination, Plaintiff reported that her requests to work overtime in May and August 2014 were denied. ECF 32 at 31.

Plaintiff states in her Summary Judgment Response that "before meeting with EEO Counselor Plaintiff tried to resolve overtime issues with DEA management." ECF 95 at 4. But Plaintiff fails to present any evidence showing she contacted an EEO Counselor regarding her overtime complaints, or her complaints about any other allegedly discriminatory acts, prior to July 20, 2015. Plaintiff neither argues nor presents any evidence to support the waiver, estoppel, or equitable tolling of the 45-day time-period. Therefore, Defendant's Motion for Summary Judgment should be granted as to Plaintiff's claims for discriminatory denial of overtime pay and any other sex or race discrimination claim based on conduct that occurred before June 5, 2015.

### C. Plaintiff cannot demonstrate a prima facie case of discrimination based on the termination of her job position.

The only Title VII discrimination claim for which Plaintiff has exhausted her administrative remedies is her claim that she was terminated prior to the expiration of her PRM contract when her position was closed. According to Defendant, SAC Brown decided in June 2015 to move the job position Plaintiff held from Jackson,

Mississippi to Little Rock, Arkansas, because Little Rock had consistently higher caseloads and asset seizures.[3]  ECF 95-6.  As a result of the position transfer, Plaintiff's last workday with DEA was July 21, 2015.  She alleges she was terminated her due to her race and sex.

### 1. Plaintiff's prima facie burden

Plaintiff's discriminatory termination claim is governed by the familiar *McDonnell Douglas* burden-shifting framework.  *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316–17 (5th Cir. 2004).  Under this framework, Plaintiff must establish a prima facie case of disparate treatment discrimination by showing: (1) she was in a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside of her protected class or was otherwise treated less favorably than similarly situated employees.  *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Caldwell v. Univ. of Houston Sys.*, 520 F. App'x 289, 293 (5th Cir. 2013).  Only if Plaintiff meets this prima facie burden does the burden shift to Defendant to articulate a legitimate, nondiscriminatory reason for its employment

---

[3] Plaintiff believes that certain June 22, 2015 emails regarding termination of her contract position are suspicious and were possibly fabricated after the fact to justify her termination. ECF 95 at 4. Plaintiff diligently sought discovery in an effort to prove her theory.  *See, e.g.,* ECF 82.  The Court is satisfied that Defendant made reasonable efforts to comply with Plaintiff's discovery requests. *See, e.g.,* ECF 87; ECF 90.   The Court does need to decide the issue of fabrication given the other evidence supporting the DEA's stated reason for the decision to close her position, including the Affidavit of Alice Arnold (ECF 95-2), Affidavit of Kenneth Miles (ECF 95-5), and Affidavit of Raymond K. Brown (ECF 95-6 at 6-13).

action. *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 417 (5th Cir. 2016).

If Defendant meets its burden to articulate a legitimate reason for its employment action, the burden shifts back to Plaintiff to present evidence that the employer's proffered legitimate reason is pretext for discrimination. *Id.* "In contrast to the minimal burden that a plaintiff bears when establishing his prima facie case, a plaintiff must produce 'substantial evidence of pretext.'" *Id.* at 419 (quoting *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001)). Plaintiff bears the ultimate burden to prove discrimination. *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016).

The DEA argues that Plaintiff cannot meet the fourth element of a prima facie case for discrimination, which requires showing she was replaced by a person outside her protected class or treated less favorably than similarly situated employees. ECF 89 at 15-16. To begin with, neither party argues that Plaintiff was replaced. In fact, Plaintiff contends her workload was reassigned to another IRS Financial Investigator, Robert Wagner. ECF 100 at 6. Under Fifth Circuit precedent, "an employee has not been 'replaced' ... when h[er] former duties are distributed among other coworkers." *Griffin v. Kennard Indep. Sch. Dist.*, 567 F. App'x 293, 294–95 (5th Cir. 2014) (citations omitted).

Because she cannot meet her prima facie burden by showing she was replaced by someone outside her protected class, Plaintiff must meet the fourth element by demonstrating she was treated less favorably than similarly situated employees outside her protected class. The Fifth Circuit defines "'similarly situated' narrowly, requiring the employees' situations to be 'nearly identical.'" *West v. City of Houston, Texas*, 960 F.3d 736, 740 (5th Cir. 2020) (citations omitted). To show that other employees are similarly situated Plaintiff must identify employees outside her protected class who "(1) 'held the same job or responsibilities,' (2) 'shared the same supervisor or had their employment status determined by the same person,' and (3) 'have essentially comparable violation histories.'" *Id.* (citations omitted).

According to the summary judgment record, Plaintiff was the only *contract* Senior Financial Investigator on her team at the DEA's Jackson, Mississippi office. ECF 89 at 9; ECF 95-1 at 11-12. In her Response, Plaintiff points to Robert Wagner, and alternatively to other investigators working on a grand jury investigation under the supervision of Miles, as comparators. ECF 95 at 9; ECF 100 at 5-6. However, Wagner and the other investigators identified by Plaintiff (Kimball Hardeman, Frank Altieri, and Norita Persaud), are not proper comparators because they were not PRM contract employees who performed the same Senior Financial Investigator duties as Plaintiff. *See* ECF 102 (identifying the PRM contract employees working at the Jackson, Mississippi office); ECF 98-2 at 151-

166. Despite Plaintiff's belief that other employees were allowed to work overtime and were paid for it, the evidence establishes that while non-contract investigators were entitled to work overtime, contract investigators were not. ECF 89-1 at 9 (Plaintiff's PRM contract); ECF 102 at 8 (Declaration of Alice Arnold). Because Plaintiff has failed to identify at least one similarly situated employee outside her protected class who was treated more favorably than she, Defendants are entitled to summary judgment on Plaintiff's Title VII discrimination claim based on disparate treatment.

### 2. Plaintiff's evidence of pretext

Even if Plaintiff had met her initial burden under the *McDonnell Douglas* framework by satisfying the fourth element of her prima facie case, Defendant also moved for summary judgment on the issue of pretext. Defendant argues it has met its burden of production under the *McDonnell Douglas* framework to articulate a legitimate, non-discriminatory reason for the transfer of Plaintiff's job position from Jackson, Mississippi to Little Rock, Arkansas. Plaintiff alleges that Defendant's stated explanation for the adverse employment action is false. Thus, the Court next considers whether Plaintiff has met her burden to create a genuine issue of material fact as to whether Defendant's stated explanation for terminating her job position in Jackson was pretext for discrimination.

The DEA contends it moved Plaintiff's position to the Little Rock district office for legitimate reasons that had nothing to do with Plaintiff's race or sex. *See, e.g.,* ECF 95-6. For the fiscal year 2013, the Jackson office handled 7 cases in which the total value of seized assets was $838,788.63 while the Little Rock office handled 29 cases in which the total value of seized assets was $4,104,074.06. ECF 95-2 at 3. The discrepancy was even greater in fiscal years 2014 and 2015. In 2014, the Jackson office handled 2 cases with the total value of seized assets of $342,804.24, and the Little Rock office handled 28 cases with the total value of assets seized valued at $4,764,027.60. *Id.* In 2015 it was 9 cases with seized assets valued at $504,554.05 for Jackson versus 36 cases with seized assets valued at $5,095,007.29 for Little Rock. *Id.* at 4. Because the DEA has met its burden to produce a legitimate explanation for the transfer, which resulted in Plaintiff's termination, the burden shifts back to Plaintiff to provide substantial evidence that the DEA's explanation is "not the real reason for the adverse employment action." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368–69 (5th Cir. 2021).

Arguing the DEA's explanation is false, Plaintiff cites to statements by the decision-maker (SAC Brown) that Plaintiff was not good at her job; to evidence showing Plaintiff was not allowed to prepare grand jury subpoenas; and to evidence that Plaintiff was denied overtime, and its resulting pay, which had been approved by her direct supervisor. *See* ECF 95-1 at 20, 33. None of Plaintiff's arguments

or evidence meet Plaintiff's burden to show Defendant's articulated reason for the transfer is false or otherwise pretext for race or sex discrimination. Plaintiff does not allege that Brown, or anyone else, ever made a comment about her race or sex. Moreover, Defendant has submitted evidence demonstrating that although the DEA New Orleans Field Office made the decision to move the contract Senior Financial Investigator position to Little Rock, the Government's contractor was responsible for deciding which contract employee would be impacted by the DEA's decision. ECF 102 at 6. Plaintiff has presented no evidence to the contrary. While Plaintiff clearly does not believe Defendant's explanation, she has never offered any explanation for why she believes the decision to terminate her contract position was due to her race and sex instead of due to SAC's Brown's opinion that she did not know how to do her job. Plaintiff's case rests on her subjective belief that because she was the only Black, female, contract Senior Financial Investigator in the Jackson office, her job must have been terminated due to her race and sex. Plaintiff's subjective belief does not satisfy her burden to create a genuine issue of material fact on pretext. *See Jones*, 8 F.4th at 369 (holding that a genuine subjective belief of discrimination cannot be a basis for judicial relief); *O'Brien v. Methodist Hosp.*, No. 4:20-CV-4084, 2022 WL 18864879, at *8 (S.D. Tex. Dec. 23, 2022) (citations omitted), report and recommendation adopted sub nom. *Obrien v. Methodist Hosp.*, No. 4:20-CV-04084, 2023 WL 2249985 (S.D. Tex. Feb. 24, 2023). Therefore,

Defendant's Motion for Summary Judgment should be granted.

## IV.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that the Government's Motion for Summary Judgment (ECF 89) be GRANTED, Plaintiff's Motion for Summary Judgment (ECF 98) be DENIED, and Plaintiff's claims in this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 16, 2023, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge